THEODORE OLSON, Petitioner, v. ANDREW ROSS, as Sheriff of Cass County, State of North Dakota, Respondent.

(167 N. W. 385.)

**Statute — constitutionality of — considered — only when properly before court — determination of cause — necessary to.**

1. The constitutionality of a statute will be considered only when the question is properly before the court and necessary to a determination of the cause.

NOTE.—For authorities on the question of regulation and prohibition of the use of trading stamps and similar devices, see notes in 2 L.R.A.(N.S.) 588; 7 L.R.A. (N.S.) 1131; 30 L.R.A.(N.S.) 957; 49 L.R.A.(N.S.) 1123; L.R.A.1917A, 433; and L.R.A.1918B, 383.

**Statute — enforcement of — one not prejudiced by — cannot question constitutionality — rights of others — because impaired.**

2. One who is not prejudiced by the enforcement of a statute cannot question its constitutionality or obtain a decision as to its invalidity on the ground that it impairs the rights of others.

**Trading Stamp Act — redeemable in goods — statute — sale of redeemable only in cash — does not prohibit or regulate.**

3. The North Dakota Trading Stamp Act (Laws 1917, chap. 238), relates only to trading stamps redeemable in goods, wares, and merchandise, and does not prohibit or regulate the sale of trading stamps redeemable only in cash.

Opinion filed April 11, 1918.

Application by Theodore Olson for a writ of habeas corpus.

Writ granted.

*Miller, Zuger, & Tillotson, James Manohan,* and *Frank T. Walcott,* for petitioner.

The statute in question, being penal, must be strictly construed. Chase v. Curtis, 113 U. S. 452.

This trading stamp system has been employed in various states for a long time, and its plan has been defined and passed upon by the courts. Com. v. Gilson, 125 Ky. 440.

An ordinary trading stamp or coupon is in substance a mere form of allowing discounts on cash payments, and its issuance is entirely harmless and within the constitutional right of contract. Ex parte Drexel, 147 Cal. 763; Chaddock v. Day, 75 Mich. 527.

One engaged in the trading stamp system here under consideration is engaged merely in conducting a discount system, on cash purchases. Ex parte Holland, 147 Cal. 763; Ex parte Hutchinson, 137 Fed. 949; Denver v. Frueauff, 39 Colo. 30; Lohman v. State, 81 Ind. 17; Sperry v. Temple, 137 Fed. 992, 993; Winston v. Beeson, 135 N. C. 271; State ex rel. Simpson v. Sperry & H. Co. 110 Minn. 378.

That there is a marked difference between the use by merchants of trading stamps as a symbol or token to enable them to give a discount on small as well as large purchases, and the use of stamps and coupons as an advertising medium, is recognized by merchants and laymen generally. 53 Current Opinion, p. 440.

The use of a co-operative discount system by merchants promotes

thrift. The collection of these little pieces of paper finally represents something of value and under such practice the habit of thrift and saving is formed. Tanner v. Little, 240 U. S. 384.

"It is a landmark of our Constitution that the individual is permitted to engage in any lawful pursuit in a legitimate and honorable manner, and he is above interference even by the legislature if he keeps within the limits suggested." People ex rel. Appell v. Zimmerman, 102 App. Div. 103.

The contract here in question has been repeatedly held valid. Young v. Com. 101 Va. 853, 869; State v. Caspare, 115 Md. 7; State v. S. & H. Co. 110 Minn. 378; People v. Dycker, 72 App. Div. 308; Ex parte Drexel & Holland, 147 Cal. 763; O'Keefe v. Somerville, 190 Mass. 110; Com. v. Sisson, 178 Mass. 578; State v. Dalton, 22 R. I. 77; Montgomery v. Kelly, 142 Ala. 552.

It has also been so held to be beneficial to all concerned. State v. Shugart, 138 Ala. 86; Montgomery v. Kelly, 142 Ala. 552; Ex parte McKenna, 126 Cal. 429; Ex parte Drexel, 147 Cal. 763; Denver v. Frueauff, 39 Colo. 20; Hewin v. Atlanta, 121 Ga. 723; Opinion of Justices, 208 Mass. 607; O'Keefe v. Somerville, 190 Mass. 110; Com. v. Emerson, 165 Mass. 146; Com. v. Sisson, 178 Mass. 578; Opinion of Justices, 115 N. E. 978; Long v. Maryland, 74 Md. 565; State v. Caspare, 80 Atl. 606; People v. Sperry & H. Co. 164 N. W. 503; State v. Sperry & H. Co. 110 Minn. 378; State v. Ramseyer, 73 N. H. 31; People v. Gillson, 109 N. Y. 389; People v. Dycker, 72 App. Div. 308; People v. Zimmerman, 102 App. Div. 103; Winston v. Beeson, 135 N. C. 271; Com. v. Moorhead, 7 Pa. Co. Ct. 513; State v. Dalton, 22 R. I. 77; State v. Dodge, 76 Vt. 197; Young v. Com. 101 Va. 853.

Prohibition of the trading stamp business has been repeatedly held to be in violation of constitutional rights. Montgomery v. Kelly, supra; Hewin v. Atlanta, supra; State v. S. & N. H. Co. supra; State v. Ramseyer, supra; People v. Gillson, supra; State v. Dalton, supra; State v. Dodge, supra; State v. Sperry & H. Co. 94 Neb. 785.

The decisions of the courts of last resort of each state are supreme as to whether any laws or ordinances enacted within their borders are violative of the state's Constitution. 11 Cyc. 751 note 5, 753, note 12; State ex rel. Kickbush v. Hoeflinger, 37 Wis. 393; Ellis v. Northern P. R. Co. 80 Wis. 459; Security Nat. Bank v. St. Croix Power Co.

117 Wis. 211; Soehnlein v. Soehnlein, 146 Wis. 330; Re Opinion of Justices, 115 N. E. 978; Rast v. VanDeman & Lewis Co. 240 U. S. 342; Tanner v. Little, 240 U. S. 369; Pitney v. Washington, 240 U. S. 387; 208 Fed. 605.

"The use of coupons, profit sharing certificates, and the like is an entirely legitimate method of advertising, and the merchants employing this method are entitled to the protection of the Constitution of the United States." State v. Shugart, 138 Ala. 86; Ex parte Drexel, 147 Cal. 763; Hewin v. Atlanta, 121 Ga. 723; Com. v. Sisson, 178 Mass. 578; Winston v. Beeson, 135 N. C. 271.

When a suitor in this state invokes the protection of its Constitution and calls for the construction of its own laws, its own supreme court is supreme, and its judges need not follow the decisions of any Federal tribunal when the reasoning of those decisions is at variance with their own judgment. 115 N. E. 978; 11 Cyc. 751 and 753 and cases cited; 37 Wis. 393.

The plan of this system is to enable the merchant to sell his goods for cash, instead of on time. This is an advantage to him, and is also a benefit to the customer who practically receives a discount and who will buy more cautiously if he pay cash, and will spend only according to his means. Winston v. Beeson, 135 N. C. 271.

The Trading Stamp Law of this state is unconstitutional and void because it violates the right of liberty guaranteed by both Federal and state Constitutions. Denver v. Frueauff, 39 Colo. 20, 80 Pac. 389; People v. Dycker, 76 N. Y. Supp. 111; People v. Gilson, 109 N. Y. 387; Ex parte Drexel, 147 Cal. 763.

The law is unconstitutional in that it discriminates in favor of persons and corporations who give trading stamps in original packages redeemable by themselves or their dealers in goods, wares, or merchandise. It is an arbitrary classification. Gulf Ry. v. Ellis, 165 U. S. 152; Frorer v. People, 141 Ill. 171; State v. Sperry & H. Co. 110 Minn. 378; State v. Caspare, 80 Atl. 606; Winston v. Beeson, 135 N. C. 271; State v. Goodwill, 6 L.R.A. 621; State v. Loomis, 115 Mo. 307; Southern R. Co. v. Greene, 216 U. S. 418.

"It is not a statute for the protection of a particular class of individuals supposed to need protection, but for the punishment of certain corporations on account of their delinquency." Seaboard Air Line v.

Simon, 47 So. 1001; Gulf R. Co. v. Ellis, 165 U. S. 152; Tanner v. Little, 240 U. S. 369; Re Opinion of Justices, 115 N. E. 978; People v. Zimmerman, 102 N. Y. App. Div. 103; Winston v. Beeson, 135 N. C. 271; People v. Dycker, 72 App. Div. 308; Denver v. Frueauff, 39 Colo. 20; State v. Dalton, 22 R. I. 77.

*William Langer,* Attorney General, *Chas. W. Dunn,* and *S. L. Nuchols,* for respondent.

The statute under consideration is an appropriate and proper exercise of the police power of the state, and the power to enact it is not denied by the state Constitution. State Const. art. 1.

The police power of the state is the power inherent in every sovereignty; the power to govern men and things under which the legislature may, within constitutional limitations, not only prohibit all things hurtful to the comfort, safety, and welfare of society, but prescribe regulations to promote the public health, morals, and safety and add to the general public convenience, prosperity, and welfare. 6 R. C. L. §§ 182 et seq.; 3 Words & Phrases, 2d series, 1064 et seq., and authorities there cited; State ex rel. Linde v. Taylor, 33 N. D. 76, 123, 156 N. W. 561; C. B. & Q. R. Co. v. Illinois, 200 U. S. 561, 50 L. ed. 596, 26 Sup. Ct. Rep. 341, 4 Ann. Cas. 1175; State v. Wilson, 168 Pac. 679; Sperry & H. Co. v. Weigle — Wis. —; Rast v. VanDeman & Lewis, 240 U. S. 342, 60 L. ed. 679, 36 Sup. Ct. Rep. 370; Eubank v. Richmond, 226 U. S. 137, 142; Sligh v. Kirkwood, 237 U. S. 52; Barbier v. Connolly, 113 U. S. 27, 28 L. ed. 923, 5 Sup. Ct. Rep. 357; Noble State Bank v. Haskell, 219 U. S. 104, 55 L. ed. 112, 32 L.R.A. (N.S.) 1062, 31 Sup. Ct. Rep. 186, Ann. Cas. 1912A, 487; Deems v. Baltimore, 80 Md. 164, 26 L.R.A. 541, 45 Am. St. Rep. 339, 30 Atl. 648; Re Marriage License Docket, 4 Pa. Dist. R. 162; Bell's Gap R. Co. v. Pennsylvania, 134 U. S. 232, 33 L. ed. 892, 10 Sup. Ct. Rep. 533; Mugler v. Kansas, 123 U. S. 623, 31 L. ed. 205, 8 Sup. Ct. Rep. 273; Wiseman v. Tanner, 221 Fed. 694.

The only limitation on this power is that it may not be exerted unreasonably or arbitrarily or with unjust discrimination. Adams v. Tanner, 244 U. S. 590; Rast v. Van Deman & Lewis, 240 U. S. 342; Camfield v. United States, 167 U. S. 518, 42 L. ed. 260, 17 Sup. Ct. Rep. 864; Rideout v. Knox, 148 Mass. 368; Tanner v. Little, 240 U.

S. 369; Hadacheck v. Los Angeles, 239 U. S. 394, 60 L. ed. 348, 36 Sup. Ct. Rep. 143; Reinman v. Little Rock, 237 U. S. 171.

This power is the least limitable of the exercises of the government. Hall v. Geiger-Jones Co. 242 U. S. 539, 61 L. ed. 480, 37 Sup. Ct. Rep. 217; Sligh v. Kirkwood, 237 U. S. 52; Noble State Bank v. Haskell, 219 U. S. 104; Adams v. Tanner, 244 U. S. 590; Powell v. Pennsylvania, 127 U. S. 678; Austin v. Tennessee, 179 U. S. 343; Booth v. Illinois, 184 U. S. 425; Otis v. Parker, 187 U. S. 606; Murphy v. California, 225 U. S. 623; Rast v. Van Deman & L. Co. 240 U. S. 342; Linde v. Taylor, 33 N. D. 76, 156 N. W. 561; Wiseman v. Tanner, 221 Fed. 694.

"The police power of a state is as broad and plenary as its taxing power." Mountain Timber Co. v. Washington, 243 U. S. 219, 61 L. ed. 685, 37 Sup. Ct. Rep. 260; Lawton v. Steele, 152 U. S. 133, 38 L. ed. 373, 14 Sup. Ct. Rep. 499; Kidd v. Pearson, 128 U. S. 1, 32 L.-ed. 346, 9 Sup. Ct. Rep. 6; Powell v. Pennsylvania, 127 U. S. 678, 32 L. ed. 253, 8 Sup. Ct. Rep. 992.

The appreciation of the consequences of such legislation is not open for judicial review. Chicago, B. & Q. R. Co. v. McGuire; German Alliance Ins. Co. v. Kansas, supra; S. W. Oil Co. v. Texas, 217 U. S. 114; Munn v. Illinois, 94 U. S. 113; Otis v. Parker, 187 U. S. 606; Bunting v. Oregon, 243 U. S. 426; Rast v. Van Deman & L. Co. 240 U. S. 342; Hall v. Gieger-Jones Co. 242 U. S. 539, 61 L. ed. 480, 37 Sup. Ct. Rep. 217; Trading Stamp Cases, 240 U. S. 342; Armour & Co. v. North Dakota, 240 U. S. 510, 60 L. ed. 771, 36 Sup. Ct. Rep. 440; Hadacheck v. Los Angeles, 239 U. S. 394; Price v. Illinois, 238 U. S. 446, 59 L. ed. 1400, 35 Sup. Ct. Rep. 892; Chicago & A. R. Co. v. Tranbarger, 238 U. S. 67; Powell v. Pennsylvania, 127 U. S. 678; Crowley v. Christensen, 137 U. S. 86; Holden v. Hardy, 169 U. S. 366; Capital City Dairy Co. v. Ohio, 183 U. S. 238; Jacobson v. Massachusetts, 197 U. S. 11; Silz v. Hesterberg, 211 U. S. 31; McLean v. Arkansas, 211 U. S. 539; Chicago, B. & Q. R. Co. v. McGuire, 219 U. S. 549; Purity Extract Co. v. Lynch, supra; Hammond Packing Co. v. Montana, 233 U. S. 331.

We cannot invent constitutional provisions, nor can we set aside laws of our own initiative, no matter how much we may disapprove of them. Lee v. Dolan, 34 N. D. 449, 158 N. W. 1007; Linde v. Taylor, 33 N.

D. 76, 156 N. W. 561; Atkins v. Kansas, 191 U. S. 207, 48 L. ed. 148, 24 Sup. Ct. Rep. 124; N. P. R. Co. v. Richland Co. 28 N. D. 172, L.R.A.1915A, 129, 148 N. W. 545; 6 Words & Phrases, 5813 et seq.; 4 Words & Phrases, 2d series, 27 et seq.; State v. Coyle, 3 Okla. Crim. Rep. 50, 122 Pac. 243; McAllister v. Fair, 72 Kan. 533, 3 L.R.A. (N.S.) 726, 115 Am. St. Rep. 233, 84 Pac. 112, 7 Ann. Cas. 973; Vidal v. Philadelphia, 2 How. 127, 11 L. ed. 205; State ex rel. Starke Co. v. Laramore, 175 Ind. 478, 94 N. E. 761, Ann. Cas. 1913B, 1296; Schultz v. State, 89 Neb. 34, 33 L.R.A.(N.S.) 403, 130 N. W. 972, Ann. Cas. 1912C, 495; Allen v. Smith, 84 Ohio St. 283, 95 N. E. 829; Ann. Cas. 1912C, 611; Perkins v. Heert, 158 N. Y. 306, 43 L.R.A. 858, 70 Am. St. Rep. 483, 53 N. E. 18; 29 Am. & Eng. Enc. Law, 2d ed. 569.

"What makes for the general welfare is necessarily in the first instance a matter of legislative judgment, and a judicial review of such judgment is limited." German Alliance Ins. Co. v. Lewis, 233 U. S. 389, 58 L. ed. 1011, L.R.A.1915C, 1189, 34 Sup. Ct. Rep. 612; Chicago, B. & Q. R. Co. v. McGuire, 219 U. S. 549, 55 L. ed. 328, 31 Sup. Ct. Rep. 259; State v. Olson, 26 N. D. 304, L.R.A.1918B, 975, 144 N. W. 661; Van Woert v. Modern Woodmen, 29 N. D. 441, 452, 151 N. W. 224; N. P. R. Co. v. Richland Co. 28 N. D. 172, L.R.A. 1915A, 129, 148 N. W. 545; Sinking Fund Cases, 99 U. S. 700, 25 L. ed. 496; State ex rel. Montgomery v. Anderson, 18 N. D. 149, 118 N. W. 22; Hooper v. Stack, 69 N. J. L. 562, 56 Atl. 1; State ex rel. Linde v. Packard, 35 N. D. 298, L.R.A.1917B, 710, 160 N. W. 150; State v. Elev. Co. 17 N. D. 23, 114 N. W. 482; Re Lipschitz, 14 N. D. 622, 95 N. W. 160; Vermont Loan & Trust Co. v. Whithed, 2 N. D. 82.

This court generally, where it has been possible, has sustained the validity of police measures rather than to annul them. State ex rel. Goodsill v. Woodmansee, 1 N. D. 246, 46 N. W. 970; Vermont Loan & Trust Co. v. Whithed, 2 N. D. 82, 49 N. W. 318; State v. Fraser, 1 N. D. 425, 48 N. W. 343; State v. Markuson, 5 N. D. 147, 64 N. W. 934; State ex rel. Stoeser v. Brass, 2 N. D. 482, 52 N. W. 408; State ex rel. Larabee v. Barnes, 3 N. D. 319, 55 N. W. 883; Patterson v. Wollman, 5 N. D. 608, 67 N. W. 1040; State v. Kleetzen, 8 N. D.

286, 78 N. W. 984; State ex rel. Flaherty v. Hanson, 16 N. D. 347, 113 N. W. 371; State v. Elev. Co. 17 N. D. 23, 114 N. W. 482; State v. Fargo Bottling Works Co. 19 N. D. 396, 124 N. W. 387; Litchville v. Hanson, 19 N. D. 672, 124 N. W. 1119; State v. Olson, 26 N. D. 304, 144 N. W. 661; State v. Armour & Co. 27 N. D. 177, 145 N. W. 1033; State ex rel. Linde v. Taylor, 33 N. D. 76, 156 N. W. 561; Downey v. N. P. R. Co. 19 N. D. 621, 125 N. W. 475.

The prohibition of the trading stamp business is within the authority of the state legislature in the exercise of its police power, and is not repugnant to the "due process" limitation contained in the 14th Amendment to the Constitution. Rast v. Van Deman & Lewis, 240 U. S. 342; Tanner v. Little, 240 U. S. 369; Pitney v. State, 240 U. S. 387; Beggs v. Paine, 15 N. D. 436, 109 N. W. 322; Fenton v. Ins. Co. 15 N. D. 365, 109 N. W. 357; Lawton v. Teele, 132 U. S. 133; Booth v. Illinois, 184 U. S. 425; Otis v. Parker, 187 U. S. 606; Dobbins v. Los Angeles, 195 U. S. 223; Murphy v. California, 225 U. S. 623; Postal Teleg. Co. v. Charleston, 153 U. S. 692; McCray v. United States, 195 U. S. 27; Kehrer v. Stewart, 197 U. S. 60; Hammond Packing Co. v. Montana, 233 U. S. 331; Central Lumber Co. v. S. D. 226 U. S. 157; Keokee Coke Co. v. Taylor, 234 U. S. 224; Erie R. R. v. Williams, 233 U. S. 685.

"It is the duty and function of the legislature to discern and correct evils, and by evils we do not mean some definite injury, but obstacles to a greater public welfare." Eubank v. Richmond, 226 U. S. 137; Sligh v. Kirkwood, 237 U. S. 52; Southwest Oil Co. v. Texas, 217 U. S. 114; Munn v. Illinois, 94 U. S. 113; Camfield v. United States, 167 U. S. 518; Rideout v. Knox, 148 Mass. 368; 5th Ave. Coach Co. v. New York, 221 U. S. 467; Com. v. McCafferty, 145 Mass. 384; Lansburgh v. District of Columbia, 11 App. D. C. 512; Atty. Gen. v. Sperry & H. Co. 110 Minn. 378; Louisiana v. C. A. Underwood or So. Merchandise Ex. — Sup. Ct. of Louisiana; Hewin v. Atlanta, 121 Ga. 723.

CHRISTIANSON, J. This is an original application for a writ of habeas corpus presented to this court after a denial of an application for such writ by Judge Cole of the third judicial district. It appears from the petition that the petitioner has been arrested and is held in the

custody of the sheriff of Cass county by virtue of a commitment duly issued by a justice of the peace, in Cass county, in a criminal action properly instituted before him, wherein the petitioner is charged with violating the provisions of the so-called Trading Stamp Act, viz., chapter 238, Laws 1917.

Section 1 of the act provides:—"Every person, firm or corporation who shall use, and every person, firm or corporation who shall furnish to any other person, firm or corporation to use in, with or for the sale of any goods, wares, or merchandise, any stamps, coupons, tickets, certificates, cards, or other similar schemes or devices which shall entitle the purchaser receiving the same with such sale of goods, wares or merchandise to procure from any person, firm or corporation any goods, wares or merchandise, free of charge or for less than the retail market price thereof, upon the production of any number of said stamps, coupons, tickets, certificates, cards, or other similar devices, shall before so furnishing, selling or using the same obtain a separate license from the auditor of each county wherein such furnishing or selling or using shall take place for each and every store or place of business in that county, owned or conducted by such person, firm, or corporation from which such furnishing or selling, or in which such using, shall take place. Provided that this act shall not apply to using or furnishing coupons, tickets, certificates, cards or similar devices contained in or attached to the original package of said goods, wares or merchandise, by the manufacturer, jobber, distributer, or packer thereof, and directly redeemable by the manufacturer, jobber, distributer, packer or retailer of such goods, wares or merchandise."

The other sections prescribe the procedure for obtaining the license, fix the license fee, and declare that "any person, firm, or corporation violating any of the provisions of this act shall be guilty of a misdemeanor."

The criminal complaint charges that the petitioner is an employee and manager of the Sperry & Hutchinson Company, a foreign corporation, and not a manufacturer, packer, jobber, or distributer, and that without first having obtained a license under the statute above quoted, he did wilfully and unlawfully furnish to one Victor J. Baldwin, a merchant, for use by him as evidence of and discount to customers making cash payments for merchandise, certain green trading stamps,

redeemable in cash by the Sperry & Hutchinson Company, and that such trading stamps were furnished to the said Baldwin with the intent that he should give said stamps to customers as evidence of and discount for cash payments for merchandise in accordance with the conditions and provisions of a certain written contract.

The contract which is set out in the complaint recites that Baldwin "desires to adopt and use a co-operative system of giving a cash discount on small as well as large cash purchases, for the purpose of encouraging cash trade," and that "the Sperry & Hutchinson Company . . . is fully equipped to furnish said system and services relating thereto." By the contract Baldwin agreed "to order and receive such S. & H. Green Trading Stamps, *redeemable in cash,* in lots of not less than five pads per lot, and a minimum of not less than five pads every six months, each pad containing 5,000 stamps, and to pay upon delivery for the use and redemption thereof in cash and its services in connection therewith $15 per pad." Baldwin further agreed "to offer said stamps to customers upon making cash purchases, and when accepted give as evidence of and discount for cash payment, and only *for redemption in cash* by said agent (Sperry & Hutchinson), one of said stamps to be given with each 10-cent purchase and multiple thereof." The Sperry & Hutchinson Company agreed to deliver to Baldwin *"its S. & H. Green Trading Stamps redeemable in cash"* when ordered by him, as provided in the contract, and to furnish him with its trading stamps books in reasonable quantities, the books to be given to the customers, in which to preserve the stamps until presented to the Sperry & Hutchinson Company for redemption in cash. The Sperry & Hutchinson Company further agreed to redeem the stamps *in cash* at their face value (1 mill each), but when the stamps are presented in its trading stamps books each containing 1,000 stamps, then it agreed *to pay $2 in cash for such redemption,* or 2 mills each for said stamps. On the back of each stamp is the following printed statement:

Subject to the notice in our green stamp book this stamp *will be redeemed by us in cash.* It is our property and not transferable except as stated in such notice.

[Signed] Sperry & Hutchinson Company.

It will be noted that the contract and the stamps expressly stipulate that the stamps are redeemable in cash only. There is no provision for a redemption in goods, wares, or merchandise.

The petitioner claims that he is unlawfully in custody, and that the commitment under which he is held is void for two reasons: (1) That the Trading Stamp Law is unconstitutional and void; (a) because it violates the right of liberty guaranteed by both the Federal and state Constitution; (b) because the act discriminates in favor of persons and corporations who give trading stamps in original packages which are redeemable by themselves or their retailers in goods, wares, and merchandise; (2) that the facts set forth in the complaint do not constitute a violation of the statute for the reason that the trading stamps furnished by petitioner are redeemable in cash only.

It is requested that we first determine the constitutionality of the statute. A constitutional question does not arise merely because it is raised and a decision thereon sought. A party who assails the validity of a statute on constitutional grounds must show that he is prejudiced by the alleged unconstitutional provision, and that a decision on the constitutional question is necessary in order to protect him in the enjoyment of the rights guaranteed to him by the Constitution. "Courts will not assume to pass upon constitutional questions unless properly before them, and the constitutionality of a statute will not be considered and determined by the courts as a hypothetical question. It is only when a decision on its validity is necessary to the determination of the cause that the same will be made, and not then at the instance of a stranger, but only on the complaint of those with the requisite interest. These principles have been recognized by the Supreme Court of the United States. That tribunal has announced that it rigidly adheres to the rule never to anticipate a question of constitutional law in advance of the necessity of deciding it, never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied, and never to consider the constitutionality of state legislation unless it is imperatively required." 6 R. C. L. § 74, pp. 76, 77. And where a "case may be decided on either one of two grounds, and one of these does not involve the constitutionality of a statute, the court will decide it on that ground." 6 R. C. L. § 75, p. 77.

It is well settled that a person who is seeking to raise the question as

to the validity of a discriminatory statute has no standing for that purpose, unless he belongs to the class which is prejudiced by the statute. And where the class which includes the party complaining is in no wise prejudiced by the general rule, or the particular objectionable feature of the statute does not happen to prejudice the plaintiff, he cannot be heard to complain of the statute on the ground that it is unconstitutional. For "one who is not prejudiced by the enforcement of an act of the legislature cannot question its constitutionality, or obtain a decision as to its invalidity on the ground that it impairs the rights of others. It has been said that courts cannot pass on the question of the constitutionality of a statute abstractly, but only as it applies and is sought to be enforced in the government of a particular case before the court; for the power to revoke or repeal a statute is not judicial in its character." 6 R. C. L. pp. 89, 91.

The legislative annals of recent years abound with enactments seeking to regulate the trading stamp business, and to prohibit some forms thereof. Not only has this subject been deemed one appropriate for legislative action, but some of the trading stamp schemes have been severely condemned by the courts. See Rast v. Van Deman & L. Co. 240 U. S. 342, 60 L. ed. 679, L.R.A.1917A, 421, 36 Sup. Ct. Rep. 370, Ann. Cas. 1917B, 455. Relator's counsel contends, however, that the scheme denounced by the United States Supreme Court in Rast v. Van Deman & L. Co. supra, was one wherein the coupons were redeemable in premiums. And it is asserted that the purpose of this system is to promote the sale of quantities of certain kinds of goods, and that inasmuch as the purchaser must acquire a sufficient number of tokens or stamps to enable him to procure the desired premium, this scheme may lead to improvident buying. It is pointed out that this objection does not apply to trading stamps such as those furnished by the relator; that these trading stamps are merely evidence of a cash discount, and utilized as a convenient medium for the allowance thereof; and that by means of the trading stamp a cash discount is allowed to every cash purchaser regardless of the amount of the purchase, and that the practice tends to encourage cash purchases, and is an incentive to thrift and economy rather than to improvidence.

That there is some distinction between the two systems is apparent. This seems to have been recognized by the Supreme Court of the United

States in Rast v. Van Deman & L. Co. supra. Whether the form of trading stamp business pursued by the relator is free from objection is not a question properly involved in this proceeding, and one upon which we express no opinion. It is sufficient to say that the legislature, as a matter of legislative policy, has recognized the distinction contended for by relator's counsel. For the statute which it enacted does not purport to regulate or prohibit the sale or furnishing of trading stamps redeemable in cash, but relates only to, and does in effect tend to prohibit the sale of, trading stamps redeemable in goods, wares, or merchandise by a third party. The criminal complaint in this case shows that the petitioner furnished stamps redeemable in cash only. He furnished no stamps redeemable in goods, wares, or merchandise. Hence, he has committed no act violative of the statute.

The writ will issue as prayed for.

GRACE, J. I concur in the result.

ROBINSON, J. (concurring). This is a habeas corpus case. The defendant has been arrested and held for a violation of the recent Trading Stamp Act (Laws 1917, chap. 238). It is a petty kindergarten case which should have been heard and decided in two hours, and yet by the unwise indulgence of the court, six distinguished counselors were permitted to talk the case for two whole days.

The act declared it a misdemeanor for any person or corporation (without a license) to use or furnish any person for use in the sale of any merchandise, any stamps, coupons, certificates, or cards which shall entitle the purchaser to procure from any person any merchandise free of charge or for less than the retail market price.

The complaint charges that contrary to the statute defendant did wilfully and unlawfully furnish to one Victor J. Baldwin, a merchant, for use by him and as evidence of a cash discount to customers making cash payments for merchandise, certain green stamps, coupons, or vouchers commonly known as "trading stamps" redeemable in cash by Sperry, Hutchinson, & Company at a purported face value of 1 mill each. The stamps are redeemable in cash, and not otherwise by Sperry, Hutchinson, & Company.

From the complaint it appears the face value of a trading stamp is

1 mill, and the stamps are sold to the dealer in lots of not less than five pads. Each pad contains 5,000 stamps and the dealer pays for the same $15, which is 3 mills for each stamp. The stamps are given out by the local dealer as a discount to cash purchasers, and are redeemed in cash only at the face value of 1 mill for each stamp or 1 cent for ten stamps. But when stamps are presented in trading stamp books and in lots of 1,000, there is paid for the lot $2 in cash, or 2 mills for each stamp. For a book of stamps containing five pads the dealer pays $75, and at the very most the cash redemption is $50. Of course many of the stamps are lost and never presented for redemption, so we allow the stamp dealer a clear profit of 50 per cent.

What fools we mortals be! Of course the business is deceptive and pernicious, but it is not within the prohibition of our statute because the redemption is in cash, and not in merchandise. In Wisconsin a similar act has recently been well considered and the act was sustained by good reason and authority. Trading Stamp Cases, 166 Wis. 613, 166 N. W. 55, Ann. Cas. 1918D, 707. There the act prohibited the use of trading stamps redeemable in any goods, wares, merchandise, or *anything of value,* but our statute is different. It does not prohibit the use of trading stamps redeemable in cash or "in anything of value."

In Wisconsin there was printed on the back of each stamp the following:

Subject to the notice in our green trading stamp book this stamp will be redeemed by us in merchandise or cash. It is our property, and not transferable except as stated in such notice.

[Signed] Sperry & Hutchinson Company.

On the trading stamps in question there is printed in microscopic letters, the following:

Subject to the notice in our green stamp book this stamp will be redeemed by us in cash. It is our property and not transferable except as stated in such notice.

[Signed] Sperry & Hutchinson Company.

You will note the word "merchandise" is omitted from our stamps, and it is not made an offense to use trading stamps redeemable in cash.

39 N. D.—25.

Manifestly the statute forbids only the sale of trading stamps which are redeemable in merchandise, and hence, the complaint does not state a cause of action, and for that reason the defendant must be discharged. The whole argument has turned on the constitutional validity of the act, but that becomes only a moot question, as the complaint does not charge a sale of stamps redeemable in merchandise. Defendant must be discharged.