JACK GEHRKE, Geo. Lofgren, Jack Hines, Goodwin Swenson and Fred Jennings, Appellants, v. THE BOARD OF COUNTY COMMISSIONERS OF DIVIDE COUNTY and Carl Schultz, Harry Lohmeyer and C. H. Wolter, the Commissioners of Divide County, Respondents.

(226 N. W. 536.)

Opinion filed August 12, 1929.

·T. S. Stuart, for appellants.

*E. J. McIllraith,* for respondents.

NUESSLE, J. Divide county is one of the regularly organized counties of the state of North Dakota. The plaintiffs are citizens and taxpayers thereof. The defendants Carl Schultz, Harry Lohmeyer and C. H. Wolter constitute its board of commissioners. Divide county is a little more than 50 miles in length from east to west and 25 miles in breadth. Crosby, its county seat, is located about 16 miles from its east boundary line and 6 miles from its north boundary line. The village of Noonan is located about 3 miles west of its east boundary line and 7 miles south of its north boundary line. The county is divided into three commissioner's districts. Noonan is in one of these districts, Crosby in the second, and the extreme western part of the county is included within the third. The defendant Schultz is the commissioner from the district in which Noonan is located, the defendant Lohmeyer is the commissioner from the district in which Crosby is located, and the defendant Wolter is the commissioner from the third district. On March 7, 1928, some of the citizens of Crosby presented a petition to the board of county commissioners requesting that a tax levy be made for the purpose of erecting a soldiers' memorial pursuant to the provisions of § 2071c1 of the Supplement to the 1913 Compiled Laws, North Dakota (Sess. Laws 1919, chap. 181), as amended by chapter 117, Sess. Laws 1927. No action was taken by the

board on the matter at that time. At a meeting of the board held on March 21, 1928, certain citizens of Noonan appeared, and purporting to represent the village of Noonan, requested that a memorial in the form of a community hall be erected at Noonan, and in that behalf offered to donate $5,000 in cash and two lots in the townsite of Noonan, to excavate the basement for such building as might be erected, and to maintain the same after its erection. On May 22 the board adopted a resolution reciting that a petition had been presented by certain citizens and taxpayers of Divide county asking that a levy be made to erect a memorial or other suitable recognition for services rendered and lives lost in the world war, and that such citizens and taxpayers had offered to provide a site and donate $5,000 in cash toward the erection and construction of such memorial and to pay for any and all excavation work therefor, and to pay annually into the county treasury the funds required for the maintenance of the memorial. The resolution then provided that such donation be accepted and that a memorial be erected in the village of Noonan; that the memorial should be a building of brick and frame construction; that the cost to the county should not exceed $7,000; and that a tax be levied for the purpose of raising the money required to erect it. The defendants Wolter and Schultz voted for this resolution and the defendant Lohmeyer voted against it. Thereafter the county auditor was directed to call for bids for the erection of the building. This was done. Bids were submitted and on June 30 the contract was let. The contract and specifications call for a building of brick, cement and wood and as nearly fireproof as possible for a building of its character. The building is to be 102x42′, with a full basement and a main floor with an auditorium or assembly room and a balcony. The basement is to contain a furnace room, a kitchen, and a lounging room. Rooms are also to be provided on the main floor and on the balcony. On July 24 the board made a tax levy of $7,000 to provide funds for the building. The latter part of June petitions were circulated in opposition to the action of the commissioners theretofore taken and more than 900 electors of the county signed the same.

On June 26 plaintiffs began this action to restrain the defendants from proceeding pursuant to their resolution of May 22 to build the proposed building at Noonan and from expending any of the public

funds in the erection of the same. The defendants having answered, the cause came to trial before the court without a jury. Testimony was taken. The court made findings of fact and conclusions of law favorable to the defendants and ordered judgment dismissing the action. From the judgment thus entered the plaintiffs appeal, demanding a trial de novo in this court.

Section 2071c1, Supplement to the 1913 Compiled Laws, North Dakota, as amended by chapter 117, Sess. Laws 1927, reads as follows:

"The board of county commissioners of any county in the state of North Dakota is hereby authorized to erect a memorial or other suitable recognition in commemoration of the people of the county who rendered services, or who lost their lives in the service of their country during the Great World War and may for such purpose use funds out of the general fund of the county if there is sufficient money in said fund, or use funds heretofore raised by tax levy for such memorial, and may after the taking effect of this Act and prior to September 1, A. D. 1928, levy a tax not in excess of one mill on the dollar upon the assessed valuation of all the property in the county, or may use funds for that purpose donated to the county for that purpose, or may for such purpose use funds out of the general fund of such county if there is sufficient money in said fund in conjunction with the funds so donated or obtained by such levy and tax, and the proceeds of such levy, tax, and donations, together with the amount taken out of such general fund, shall be used solely for the purpose of erecting such memorial or other suitable recognition; provided, however, that in no case shall such board expend tax moneys in excess of the maximum levy permitted under this act together with such amount as has been levied under the provisions of Chapter 181 of the Session Laws for the year 1919. Provided, however, that nothing herein contained shall be construed to prohibit said board from expending any additional moneys derived from sources other than taxation. Such memorial or other suitable recognition shall be erected within the county at a place determined upon by such board and such memorial or recognition, when erected, shall be properly and permanently maintained by such board by necessary expenditures from the general fund of the county or from funds donated to the county therefor or from either or both of such funds. Provided, further, that where funds

have been heretofore raised by tax levy for such memorial, and the funds so raised are unexpended, the board of county commissioners may, at any time after September 1, 1928, by resolution transfer any such unexpended funds to the general fund of the county."

The plaintiff in the instant case challenge the propriety of the action of the board of county commissioners taken pursuant to the provisions of this statute. No attack is made on the statute itself, and no complaint is made that the commissioners did not observe the proper formalities in acting with respect to the matter. The plaintiffs seek to enjoin the erection of the proposed memorial upon the grounds: First, that the members of the board of county commissioners who voted in favor of the resolution were actuated by motives of prejudice and bias and were subject to undue influence. Second, that the erection of the proposed memorial at Noonan is contrary to the wishes of a majority of the citizens and taxpayers of the county. Third, that the offer by the citizens of Noonan of money and other donations constituted a bribe or other unlawful attempt to influence the defendant commissioners. · Fourth, that the building proposed to be erected by the defendant board is not such a "memorial or other suitable recognition" as is contemplated by the statute.

The plaintiffs urge that the defendant board of commissioners in acting with respect to the matter in hand was actuated by improper motives and was subject to undue influence. The defendants Schultz and Wolter as members of the board voted in favor of the resolution to erect the memorial at Noonan. The plaintiffs insist that in so doing the defendant Wolter was actuated by malicious motives as against Crosby, the county seat, and its inhabitants. There is some evidence in the record tending to show that he expressed himself somewhat vigorously in opposition to Crosby as a place where the memorial should be placed and in favor of Noonan, and that he gave as a reason for his action that he was revenging himself upon certain of the citizens of Crosby. Wolter, however, testifies that in voting for the resolution and designating Noonan as the place where the memorial should be erected, he acted in entire good faith and was not influenced by any motives of prejudice, bias or malice. Plaintiffs also insist that the defendant Schultz is a resident of the commissioner's district in which Noonan is located and that it will be to his personal advantage

to have the proposed memorial erected at Noonan. They urge that on that account propriety required that Schultz refrain from voting. Schultz is a farmer residing in the vicinity of Noonan. He may have thought that it would be of some advantage to himself, in common with the other citizens of that locality, to have the memorial erected at Noonan. He may have felt that he and his immediate neighbors might take a special pride in having a memorial erected in their community. But the memorial is something which will belong to the county as a whole; it is something which every citizen of the county will share, though possibly those more remote may value their benefits from it less highly than will those nearer to the place of its location. However, this would be the case wherever it might be located. Again plaintiffs insist that Wolter and Schultz were influenced by reason of the fact that Noonan offered to bear half the cost entailed by the erection of the memorial. This may be, but even so, the benefit is a benefit to the whole county enjoyed by every other taxpayer and citizen in the same way that it is enjoyed by Wolter and Schultz. Finally plaintiffs insist that the board showed prejudice and bias because no opportunity was afforded to communities other than Noonan to bid for the erection of the memorial. The difficulty with this contention is that the board was under no obligation to consider offers of donations from any community or to submit the matter for competitive bidding. In any event, the trial court found that there was no bias or prejudice on the part of Wolter and Schultz such as would taint their action. While this case is here for trial de novo, nevertheless the findings of the trial court upon controverted questions of fact are entitled to appreciable weight, especially where based upon the testimony of witnesses appearing before it. See First Citizens' Bank v. Security State Bank, post, 475, 226 N. W. 628; Anderson v. Resler, 57 N. D. 655, 223 N. W. 707, and cases cited. Reading the record we can discover no reason why we should hold otherwise than the trial court held with respect to these matters. The statute here involved reposes a very wide discretion in boards of county commissioners. The defendant commissioners acted under the power granted to them. They exercised their discretion. Even though their judgment may not have been sound or their discretion wise, nevertheless that which they determined upon will not be disturbed in a court of equity unless an abuse

of discretion so great as to amount to fraud is established. See 7 R. C. L. 942; 15 C. J. 445, and other authorities. The plaintiffs have not met this requirement.

It is next urged that the defendant board acted contrary to the wishes of a majority of the citizens and taxpayers of Divide county in locating the proposed memorial at Noonan. Their action was taken on May 22. Bids were received and on June 30 the contract was let. Thereafter petitions signed by a large number of citizens and taxpayers (more than 900), objecting to the action of the board were filed. Plaintiffs insist that thus it is apparent that public sentiment in the county is greatly against the location of the memorial at Noonan. But the statute delegates the power to the board without restriction to determine both the questions of whether a memorial shall be erected and where it shall be erected. It does not contemplate that these questions are to be determined by popular vote or by petition or by remonstrance. The statute imposes upon the board itself the duty of passing upon these questions. It alone is made responsible. The board, of course, may consider petitions or remonstrances, if it sees fit to do so, but it is not bound thereby. The commissioners must exercise their discretion in the matter, and having done so the fact that their judgment is counter to that of a large number of the citizens of their county is not alone sufficient reason for interfering with their determination.

It is also vigorously urged that the defendant board of commissioners acted as it did because of and in response to an offer on the part of the citizens of Noonan to donate money and other assistance on condition that the memorial be erected at Noonan. Plaintiffs insist that this offer so influenced the board as to amount in fact to be a bribe, and that therefore the board's action should be enjoined. We find that analogous authority is opposed to this contention. The donations offered by the village of Noonan were to be used in carrying out a county enterprise: the erection of a memorial for the whole county. The acceptance of this donation benefited not any individual citizen alone, or the defendant commissioners as individuals, but all of the citizens of Divide county. See 15 C. J. 443, and authorities cited at Note 18. Furthermore, the statute itself contemplates that donations may be offered and may be received for use in the erection of any memorial that is decided upon. It is clear to us that the accept-

ance of the offer as made by the citizens of Noonan does not constitute a ground for equitable interference.

Lastly, it is urged that the building which the defendants propose to erect as a memorial is not suitable or appropriate for the purpose and is not such a memorial as is contemplated by the statute. The building which it is proposed to erect is a substantial brick building. Apparently it is designed for use as a community building. It can be used for public gatherings, as a place for meetings where the public may be instructed or amused; as a place were patriotic gatherings may be held; and generally for community purposes. Under the statute it is the property of the county. The use and management of the building will remain under the control and direction of the board of commissioners. The mere fact that it is such a building as might conceivably be put to a use inconsistent with the purposes contemplated by the statute is not a ground for equitable interference at this time. The question is, is it such a building as may be put to uses consistent with the purposes contemplated by the statute? It seems to us that it is. As was said by the trial judge in his memorandum opinion:

"There is not general agreement as to what form a memorial or recognition should take. Many believe it should be characterized by a shaft, obelisk or tablet, and constructed of granite or other materials that do not readily deteriorate, and that the same should contain proper inscriptions commemorative of persons and deeds. There is no doubt but what such construction would be appropriate. On the other hand "many believe that a more suitable recognition is evidenced by a structure or edifice that can be used and enjoyed by the living."

"It is not necessary to enter into an academic discussion of the merits of these different views. Suffice it to be said that from the earliest periods of time of civilized man, memorials have frequently taken one or the other form. The instances are numerous throughout the centuries where men have erected for the purpose of commemorating some distinguished personage, or the occurrence of some great event, memorials consisting of halls, art galleries, libraries, institutions of learning, cathedrals and other edifices and structures designed for human habitation, enjoyment and development."

It is significant in this connection that at the last session of the legislature an act was passed which expressly provides that a commun-

ity building such as the defendant board proposes to build may be erected as a memorial. See chapter 174, Sess. Laws 1929.

The judgment of the district court is affirmed.

BURKE, Ch. J., BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.