Arnold A. DETLAFF, Harold A. Blume, Hul-
da O. Blume, C. A. Fredrickson, and Pearl
E. Lawrence, Plaintiffs and Respondents,

v.

BOARD OF COUNTY COMMISSIONERS
OF WARD COUNTY, North Dakota,
Defendants and Appellants.

No. 8211.

Supreme Court of North Dakota.

Sept. 1, 1965.

Rehearing Denied Sept. 29, 1965.

Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, for plaintiffs and respondents.

Richard B. Thomas, State's Atty. of Ward County, Minot, for defendants and appellants.

KNUDSON, Judge.

The plaintiffs, owners of separate tracts of land in Zoning District No. 1 of Ward County, North Dakota, presented to the Board of County Commissioners and the Planning Commission of Ward County a petition to amend Ward County Zoning Resolution No. 6 to include and rezone as "C-2, Highway Commercial District," under Ward County Zoning Resolution No. 6, an area 680 feet in width adjacent to U. S. Highway No. 83, and lying in the West Half of Section 20, the West Half of Section 17, the Southwest Quarter of Section 8, and the Southeast Quarter of Section 7, Township 157, Range 82 (Tatman Township in Ward County), now included in the area of Zoning District No. 1, and to disconnect and exclude said 680-foot area from Zoning District No. 1. The petition was rejected by the Planning Commission and the Board of County Commissioners. The plaintiffs appealed to the district court from the decision of the County Commissioners.

The district court reversed the action of the County Commissioners, holding Ward County Zoning Resolution No. 1 unconstitutional and directing the Board of County Commissioners to grant the petition to rezone. The defendants appealed from the judgment and demand a trial de novo in this court.

The Board of County Commissioners of Ward County, on June 10, 1955, adopted a resolution establishing Zoning District No. 1 of Ward County. The United States Air Force was then establishing an air base in Ward County, and requested the Board of County Commissioners to zone the area in the vicinity of the air base to prevent the construction of undesirable buildings, structures, and businesses, and to prohibit places for large congestions of population. The resolution restricted the use of the land to those incident to farming, prohibited any buildings or structures that could be used for mass meetings (enumerating several such places), "or other housing not incident to farming; or any other building or structures where human lives may be jeopardized by operation of said Air Field."

The full text of the resolution reads as follows:

"WHEREAS, the Board of County Commissioners by resolution, dated March 17, 1955, did establish the Ward County Zoning Commission, and

"WHEREAS for the purpose of promoting the Health, Safety, Morals, Public Convenience, General Prosperity and Public Welfare of the County; and

"WHEREAS, the United States Air Force has indicated its intention to establish an Airbase in Ward County and in order to permit the orderly development of the County in and around said Airbase, so as to prevent large congestions of population and as to prevent undesirable buildings, structures, businesses or the conduct of undesirable activities around said Airbase and in order to meet the requirements as set forth by the United States Air Force regarding heights of buildings and types of obstructions which would interfere with the operations of said Airbase.

"NOW, THEREFORE, BE IT RESOLVED by the Board of County Commissioners of Ward County that there be established Ward County Zoning District #1 which shall include the following described lands:

"All of Waterford Township, (Township 157 N., Rge. 83 W);

"The West half (W½) of Tatman Twp., (Twp. 157 N., Rge. 82 W);

"Section 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 23, and 24 in McKinley Twp. (Twp. 156 N., Range 82 W);

"Section 1 thru 12 of Eureka Twp., (Twp. 156 N., Rge. 83 W);

"Sec. 1, 2, 11, 12, 14, 15, 21, 22, 23, 27, 28, Kirkelie Twp., (Twp. 156 N., Range 84 W);

"Sec. 1, St. Mary's Twp., (Twp. 157 N., Rge. 84 W).

"BE IT FURTHER RESOLVED that in said Zoning District #1 there shall be established the following regulations:

"I. LAND USAGE—There shall be no subdivision or subdivisions or outlots in said Zoning District #1 except those incident to farming.

"II. STRUCTURAL OCCUPANCY—There shall be no buildings, structures or other edifice erected in said Zoning District #1 which could be used for mass meetings (such as Clubs, Churches, Dance Halls, Schools, Night Clubs, Restaurants, Recreational Centers, Bowling Alleys or Roller Skating Rinks or any Hotels, Motels, apartment houses, trailer courts,) or other housing not incident to farming; or any other buildings or structures where human lives may be jeopardized by operation of the said Air Field.

"III. TYPES OF STRUCTURES—All structures or buildings other than those prohibited by Section II shall conform to the requirements of the Basic Building Code of the Building Officials Conference of America, Inc., 1950 edition and amendments thereto; said Building Code with amendments thereto, being incorporated by reference as a part of this resolution.

"IV. PERMITS.—As a prerequisite to construction, erection, reconstruction, alteration, repair or enlargement of any building or structure in said Zoning District No. 1 there shall

be secured from the Board of County Commissioners a permit, which will be known as a building permit. A fee shall be collected for the issuance of said building permit in the amount to be determined by the County Commissioners, which fee shall be credited to the general fund of the County.

"V. LIMITATION—The foregoing requirements in their entirety shall not apply to any farm buildings."

The legislative assembly has authorized any county in the state to regulate and restrict the location and use of buildings and structures and the use, condition or occupancy of lands, under Chapter 11–33, North Dakota Century Code, entitled "County Zoning."

The Board of County Commissioners of Ward County, pursuant to that chapter, adopted the Resolution Establishing Zoning District No. 1.

May the respondents herein challenge the validity of the Ward County Resolution Establishing Zoning District No. 1 as being unconstitutional and void because the restrictions and limitations therein do not bear a reasonable relationship to the public interest for which zoning may be exercised?

■■■ It is well settled in this State that a person can be heard to question the constitutionality of a statute only when and insofar as it is being, or about to be, applied to his disadvantage. Tooz v. State, 76 N.D. 599, 38 N.W.2d 285, and cases cited. The court in Tooz, quoting from Olson v. Ross, 39 N.D. 372, 167 N.W. 385, said:

"A constitutional question does not arise merely because it is raised and a decision thereon sought. A party who assails the validity of a statute on constitutional grounds must show that he is prejudiced by the alleged unconstitutional provision, and that a decision on the constitutional question is necessary in order to protect him in the enjoyment of the rights guaranteed to him by

the Constitution. 'Courts will not assume to pass upon constitutional questions unless properly before them, and the constitutionality of a statute will not be considered and determined by the courts as a hypothetical question. It is only when a decision on its validity is necessary to the determination of the cause that the same will be made, and not then at the instance of a stranger, but only on the complaint of those with the requisite interest. These principles have been recognized by the Supreme Court of the United States. That tribunal has announced that it rigidly adheres to the rule never to anticipate a question of constitutional law in advance of the necessity of deciding it, never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied, and never to consider the constitutionality of state legislation unless it is imperatively required.' 6 R.C.L. § 74, pp. 76, 77." 39 N.D. at page 382, 167 N.W. at page 386.

"In any case, the court will ordinarily inquire into the constitutionality of a statute only to the extent required by the case before it, and will not formulate a rule broader than that necessitated by the precise situation in question."

This rule also applies to resolutions adopted by counties.

The respondents have not shown that they have been harmfully affected or placed at a disadvantage by the adoption of the Ward County Resolution Establishing Zoning District No. 1. The application to rezone presented to and denied by the Board of County Commissioners does not set out or describe any of the buildings and structures contemplated by the respondents to be constructed or erected in the zoned area, nor is there any allegation of the type or use of any proposed building or structure prohibited or restricted by the zoning resolution whereby the respondents are harmfully affected or placed at a disadvantage contrary to any constitutional provision, and that a decision on the constitutional question is necessary in order to protect them in the enjoyment of the rights guaranteed to them by the Constitution.

In Savelkoul v. Board of County Commissioners, N.D., 96 N.W.2d 394, wherein we held that the construction of an automobile service station was not within the inhibition of Section II of the Resolution Establishing Zoning District No. 1, since such a service station could not be considered that it can be used for "mass meetings," or that it is a place or building where people will congregate in large numbers, this court said (quoting from the Syllabus by the Court):

"1. Under the principle of ejusdem generis, general words following particular and specific words are not given their natural and ordinary sense, standing alone, but are confined to persons and things of the same kind or genus as those enumerated.

"2. The County Commissioners of Ward County, under authority of Chapter 119, Session Laws of 1955, by resolution created Zoning District No. 1, which embraced land adjacent to air base established by the United States Air Force. The resolution prohibited the construction within said zoning district, certain specified buildings, structures, and edifices, which could be used for mass meetings, 'or any other buildings or structures, where human lives may be jeopardized by operation of the Air Field.' Appellant applied for permit to build a service station in the Zoning District. The County Commissioners denied the application of appellant on grounds that operation of a service station would be contrary to regulations established for said Zoning District. For reasons stated in the opinion it is held that the regulations established for said Zoning District do not prohibit the construction and

operation thereof within said Zoning District."

The zoning resolution does not prohibit the construction and erection of all types and kinds of buildings and structures in the zoned area, but, in fact, does provide regulations and restrictions therefor under Section II for structural occupancy, Section III for types of structures, and Section IV for building permits.

■ The respondents have not followed the procedure provided in the zoning resolution for a building permit, and until such application for a building permit has been presented to and rejected by the Board of County Commissioners the respondents cannot say that they have been harmed or adversely affected by the particular feature of the resolution alleged to be in conflict with the Constitution.

The judgment of the district court is reversed.

BURKE, C. J., and ERICKSTAD, STRUTZ, and TEIGEN, JJ., concur.

On Petition for Rehearing.

KNUDSON, Judge.

The plaintiffs have petitioned for a rehearing upon the ground that the Court failed to review both of the issues on which the trial court found for the respondents. In the original opinion we considered and disposed of the first issue, e. g.:

"First: Is the Ward County Zoning Resolution Number 1 unconstitutional and void because the restrictions and limitations placed on the land does not bear a reasonable relationship to the public interest for which zoning may be exercised?"

The second issue, e. g.:

"Second: Was the action of the Ward County Commissioners in denying the petition unreasonable, arbitrary, and discriminatory and therefore illegal?"

was not overlooked and was considered by the court, but it was not deemed necessary to pass upon this issue in arriving at a decision in this case.

In view of the plaintiffs' request for a review of the second issue considered by the district court we have given further consideration to this issue.

The plaintiffs had presented a petition to the Board of County Commissioners requesting that certain lands owned by them be disconnected and excluded from Zoning District No. 1 and be annexed to and included in Ward County Zoning Resolution No. 6, and therein rezoned as "C–2, Highway Commercial District." This petition was denied by the County Commissioners.

The statute, Chapter 11–33, N.D.C.C., delegates the power to the Board of County Commissioners, without restriction, to determine the questions of the initiation of proposals for zoning districts, or of changes therein, amendments thereto, or variances thereof. The Court said in Gehrke et al. v. Board of County Commissioners of Divide County et al., 58 N.D. 407, 226 N.W. 536:

"It does not contemplate that these questions are to be determined by popular vote, or by petition, or by remonstrance. The statute imposes upon the board itself the duty of passing upon these questions. It alone is made responsible. The board, of course, may consider petitions or remonstrances, if it sees fit to do so; but it is not bound thereby."

This was quoted with approval in Ophaug v. Hildre, 77 N.D. 221, 42 N.W.2d 438.

■ A refusal to act on the petition, or a denial thereof, being within the sole discretionary powers of the Board of County Commissioners, is final and is not subject to review.

The petition for rehearing is denied.

BURKE, C. J., and STRUTZ, ERICKSTAD, and TEIGEN, JJ., concur.