## Green et al. v. Moore et al.

Nov. 14, 1939.

Rehearing Denied Feb. 6, 1940.

Harman, Francis & Hobson for appellants.

Hubert Meredith, Attorney General, J. K. Lewis, Assistant Attorney General, and J. A. Runyon for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

In 1932 a comprehensive statute was enacted regulating and taxing the transportation for hire of persons and property by motor vehicles on the public highways. Chapter 104, Acts of 1932. The act imposed a license tax for the privilege of operating motor cars which was calculated upon the basis of the mileage run and provided for the payment of the tax during the next succeeding month. That section of the act was published as Section 2739j-78 of the 1933 Supplement to the Statutes. In 1934 the fees required for passenger cars were changed, but the mileage tax was not affected. Chapter 103, Acts of 1934. At its regular 1938 session, the legislature "repealed, amended and reenacted" Section 2739j-78, Statutes. Chapter 171, Acts of 1938, page 775. The act provided: "On or before January 1, 1939, and annually thereafter, and as a condition precedent to the use of the highways," every operator of a motor vehicle for hire, used primarily for the transportation of property, shall pay for the privilege of using the highways, "an annual excise tax equal to one dollar for each hundred pounds, or fractions thereof, of weight" of such vehicle. The act became the law 90 days after the adjournment of the session, which was on March 1, 1938. Section 55, Constitution of Kentucky.

The case presents the question whether the "weight tax," substituted for the "mileage tax," became applicable and payable immediately upon the new act becoming effective May 30, 1938, or on January 1, 1939.

The appellants were contract carriers of road construction material from Pikeville to a point several miles away where a highway was being built. In October, 1938, they were arrested on warrants issued by a magistrate, upon the complaint of a representative of the Division of Motor Transportation, for operating

their trucks without having paid the "weight tax" prescribed by the 1938 act. Thereupon, the operators of the trucks brought this suit against the magistrate, the Director of the Division of Motor Transportation and his representative to enjoin the prosecutions and many others threatened to be instituted against them for the same cause. It was asserted that the tax was not collectible until January 1, 1939. Appropriate allegations were made with respect to the absence of remedy by appeal, irreparable injury and other factors. A declaration of rights was also asked. The circuit court overruled the defendants' special demurrer going to the jurisdiction, but sustained their general demurrer, and held that the "weight tax" had been payable on and after July 1, 1938, and that the plaintiffs in the suit were not entitled to enjoin the prosecutions. A regulation issued by the Director of the Division of Motor Transportation had proclaimed that effective July 1, 1938, all operators of trucks for hire would be required to comply with the provisions of the "new weight tax law." The plaintiffs appeal.

The appellants maintain that this is a new annual tax to be paid "on or before January 1, 1939, and annually thereafter;" that by its very terms the tax did not become collectible or effective until January 1, 1939; and that while those liable therefor for the year 1939 might, if they desired, have paid the tax before January 1st, they were not required to do so. In support of the argument the appellants point to several statutes containing identical or similar expressions to "on and thereafter," certain dates in which specified official duties are to be performed, and particularly to Section 4148, Statutes, declaring that taxpayers shall be deemed delinquent whose taxes have not been paid "on or before the last day of February" of each year. The interpretation of these statutes has been that until the specified date there is no delinquency. Appellants fortify their argument with the following rules of statutory interpretation: The legislative intent is to be gathered from what the General Assembly actually said and not by what it failed to say. Hewlett v. Springfield, 210 Ky. 199, 275 S. W. 385. Unless there is something in the act plainly indicating a contrary sense in which the language was employed, the usual and ordinary meaning of the words used will be attributed to them. Section 460, Kentucky Statutes; Gold Trading Stamp

Company v. Commonwealth, 224 Ky. 136, 5 S. W. (2d) 910; City of Louisville v. Board of Education, 229 Ky. 325, 17 S. W. (2d) 210. These rules are unquestionably sound, but rules of construction are merely means to an end. The demand of judicial interpretation is to give effect to the intention of the lawmakers.

In the search for the legislative will, we start with the pertinent conditions existing when the law was enacted, with their background and development, and look toward the object intended to be reached or accomplished. Section 460, Kentucky Statutes. Those attendant circumstances, the context of the act and its consequences are controlling, even though it may be necessary to modify the language used in order to make it consistent. Martin v. Louisville Motors, 276 Ky. 696, 125 S. W. (2d) 241, and cases cited therein.

In that case we also had under consideration an apparent hiatus between a repealed act and the date fixed in its reenactment on which its terms should be complied with. The statute, Section 2739g-2 (a), Kentucky Statutes 1930, had provided for the registration of automobiles ''on or before the first day of January'' of each year. By Chapter 67, Acts of 1936, the clause in which that date was stipulated was stricken out and in lieu of it there was inserted ''on or before the first day of March.'' The question arose whether or not this created a period of two months in which no registration of automobiles and no payment of tax were required. Looking to the situation, particularly the economic conditions and demands for revenue, it could not be thought that the legislature intended such result. It was believed they intended merely to give a period of grace in which to have the cars registered and payment of the tax made as of the first day of January of each year. It could be done at any time on or before March 1st. The same economic consideration must be brought to bear in construing the act now before us. It is not thought that the legislature intended that the many passenger cars and freight trucks using the highways of the State in the transportation business should be permitted to carry on from May 30, 1938, to January 1, 1939, without having to pay anything for such privilege and use except the small registration fees. Such would be the effect of the construction contended for by the appellants.

It is to be observed that the payment of this

"weight tax" is made a condition of the privilege of use. So was the "mileage tax." Why should it have been thought desirable to impose such condition up to May 30th and stop there, then begin again on January 1st following, and not impose such condition during the interim? Significance must be recognized in the fact that this tax was being made with the full annual calculation beginning at the commencement of the ensuing calendar year. We think the legislature intended an immediate substitution of the weight tax for the mileage tax and continue through 1938 with a proportionate payment from the effective date of the act until the end of the year. If that were not so, then the entire act would have to be construed to require the full payment for a full year, although the vehicle was not acquired or the use of the road begun until December of that year.

We are of opinion, therefore, that the judgment is correct and it is affirmed.