## Gold Trading Stamp Company v. Commonwealth.

(Decided April 20, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1. Licenses.—One who redeems trading stamps in cash is, within the meaning of Ky. Stats., sec. 4224, redeeming them in "valuable personal property," so as to render him liable for the license fee provided by such statute.

2. Statutes.—The first and fundamental rule for the interpretation of statutes is to attribute to the words contained therein their usual and ordinary meaning, unless there is something therein contained plainly indicating a contrary sense in which the Legislature employed them.

3. Statutes.—Rule that when language of a statute is doubtful, obscure, or ambiguous courts may look to the evil that was intended to be remedied by its enactment and interpret the langage in the light of such intention and purpose will not be resorted to where the language is plain and indisputable, precluding court's consideration of intention.

4. Licenses.—Court's adjudging a 20 per cent. penalty, on nonpayment of license fee provided by Ky. Stats., Supp. 1926, sec. 4224, of one doing business as a trading stamp company, on total

amount of the aggregate license fees and interests thereon from the time of their respective due dates, held improper, as Ky. Stats., 1922, sec. 4263-4, relating to proceedings to collect revenue due and providing penalties for nonpayment, makes the collection of the 20 per cent. penalty on "the amount due" collectable only on the fees themselves and not on interest thereon.

5.   Licenses.—The penalty provided by Ky. Stats., 1922, sec. 4263-4, for nonpayment of license fee, as the license fee provided by Ky. Stats., Supp. 1926, sec. 4224, for one engaging in business of a trading stamp company, being highly penal, should be allowed only on clear and convincing authority therefor.

PETER, LEE, TABB, KREIGER & HEYBURN for appellant.

WOODWARD, WARFIELD & HOBSON and D. O. MYATT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In this opinion the appellant, Gold Trading Stamp Company, will be referred to as "defendant," and the appellee, commonwealth of Kentucky, by its state revenue agent, will be referred to as "plaintiff."

Plaintiff by its state revenue agent sought, by this action, instituted in the Jefferson circuit court against defendant, to collect from it the annual license fees of $350 prescribed by section 4224 of our present statutes for doing business as a trading stamp company in this commonwealth, for the years 1920 to 1927, both inclusive. Defendant contends that it is not liable under the language of the statute for the license fees sought to be recovered; but the trial court held otherwise and rendered judgment in favor of plaintiff for the aggregate amount of the fees, with interest from the time each installment was due, and 20 per cent. penalty thereon as is prescribed by section 4263-4 of the 1922 edition of Carroll's Statutes, and to reverse that judgment defendant prosecutes this appeal.

The statute levying the annual license fee here involved says:

"For all resident or foreign trading stamp companies or corporations doing business in this state, three hundred and fifty dollars ($350.00). A trading stamp company, as used in this act, shall be construed to mean any company or organization that gives premiums of valuable personal property in

exchange for stamps or checks furnished to purchasers of merchandise.''

Defendant admits that it is engaged in the trading stamp business, i. e., it manufactures them, sells them to merchants and redeems them with cash, and all of those facts were indisputably established at the trial; but it strenuously insists through its counsel that its redeeming the stamps sold by it to its subscribers (merchants) in *money* or *cash* is not the giving of ''premiums of valuable personal property in exchange'' therefor, and which is the only character of trading stamp company upon which the statute levies the license fee.

The method of conducting defendant's business is in substance this: It manufactures and sells trading stamps to any and all retail merchants who desire to purchase them, and collects therefor $2.50 per 1,250 stamps and delivers to the purchaser blank books with blank pages upon which may be pasted in each book 600 stamps. The merchant who purchases the stamps delivers them to his cash-paying customers and those who settle their accounts within 10 days from the first of the succeeding month after the purchase, and they are supposed to preserve the stamps and paste them in the blank book, which the merchant also furnishes to his customer; the face value of stamps so given to the customer being the amount of 2½ per cent. of the accounts so paid. Upon a return of the stamps to any merchant who handles defendant's stamps the customer is entitled to their face value in merchandise, or the merchant will pay him cash for the stamps by discounting their face value 20 per cent. The merchant so redeeming the stamps, with either merchandise or cash, afterwards returns them to defendant, who pays cash for them, less 20 per cent. of their face value. The customer of the various merchants handling the stamps may likewise have them cashed by defendant at its office at the same discount.

Plaintiff contends: (1) That such method of handling stamps comes squarely within the statute, since the premium (cash) that it gives in return therefor, or with which it redeems them, is of ''valuable personal property,'' and renders defendant liable for the license fees according to the express terms of, and the definition contained in the statute. It also contends: (2) That if the redemption of the stamps by defendant in cash at its

central office in the city of Louisville does not bring it within the terms of the statute, then under the method of doing business by defendant and the rules it promulgated therefor, each merchant who redeems stamps in merchandise is its agent for that purpose, and for that reason it is liable for the license fees, since the redemption of the stamps by the merchant (being the agent of defendant) with merchandise is a redemption of them by defendant, upon the ground that whatever one does by his agent he does by himself. Our consideration of this case has convinced us that plaintiff is correct in contention (1), and it will therefore not be necessary to discuss or determine contention (2).

It will be observed that the statute requires all trading stamp companies coming within its purview to pay the license fee. It defines its purview in this language:

> "A trading stamp company, as used in this act, shall be construed to mean any company or organization that gives premiums of valuable personal property in exchange for stamps or checks furnished to purchasers of merchandise."

Defendant, as we have seen, redeems with cash the stamps purchased from it by its subscriber (the merchant) on presentation for that purpose, either by the subscriber or the customer to whom he delivered them, and the only question is: Whether the case with which the redemption is made is "valuable personal property?"

To our minds there is no possible room for interpretation, since the involved language is so plain that there is not the least possibility of doubt concerning its meaning. The contention of defendant is (and must necessarily be) that the phrase "valuable personal property," as used in the statute in defining the character of trading stamp company that must pay the license fees, limited the character of trading stamp companies who are liable therefor to those who redeemed its stamps with premiums consisting of *corporeal* personal property. In other words, that it was the intention of the Legislature to prescribe that the premium with which the stamps were redeemed should consist of some article of merchandise and unless it was so the company was not required to pay the license fee. But we know of no rule of interpretation that would require us to utterly ignore the plain and univerally understood meaning of words in a statute so as

to narrow their plain and well understood significance, in the absence of qualifying expressions therein. In fact, the first and fundamental rule for the interpretation of statutes is to attribute to the words contained therein their usual and ordinary meaning, unless there is something therein contained plainly indicating a contrary sense in which the Legislature employed them.

There is nothing contained in the statute under consideration to detract from or limit the plain and unambiguous meaning of the phrase, "valuable personal property" with which the trading stamp companies that are made liable for the license fee redeemed the stamps in which they deal. If money or cash is not valuable personal property, then every lexicographer, law writer, and every court, who, without exception, have so stated and held, have written in vain. See 18 R. C. L. 1268, and 27 Cyc. 820. To hold otherwise as defendant would have us do would revolutionize the commercial activities of the country, to say nothing about overruling the invariable and long-standing law upon the subject. If the statute contained an enumeration of kinds of property to be given as premiums for or redemption of the stamps and which included only *corporeal* personal property, then the rule for the interpretation of students would possibly require that the premium should consist of corporeal personal property and would exclude cash, and that would especially be true if such enumerated list of premiums should be followed by the phrase, "or other like property," under the ejusdem generis doctrine; but we have no such language in the statute now under consideration, and, we repeat, there is no rule known to us by which we are authorized to pervert its language so as to conform to defendant's interpretation of it. It is true that courts, when the language being interpreted is doubtful, obscure, or ambiguous, may look to the evil that was intended to be remedied by its enactment and interpret it in the light of such intention and purpose. But that guide for the interpretation of statutes will not be resorted to where the language is so plain and indisputable as to remove all doubt and set at rest the intention that the Legislature so plainly expressed.

The Supreme Court of North Dakota had before it the same question now under consideration, arising under a statute licensing dealers in stamps, that entitled the purchaser to obtain for them in redemption thereof,

"goods, wares or merchandise," in the case of Olson v. Ross, 39 N. D. 372, 167 N. W. 385, and it was held that a trading stamp company that redeemed the stamps only in cash was not liable for the license, and which we think was correct; and if our statute contained similar language we would have no difficulty in adopting defendant's contention.

The Montana Supreme Court had a similar question before it in the case of State v. Lutey Bros., 55 Mont. 545, 179 P. 457, and it arrived at the same conclusion. The language of the Montana statute was that the only trading stamp companies liable for the license were those that offered "any premiums or bonus, including goods, wares or merchandise," and it was held that the language was intended to be confined to premiums or redemptions to be paid with corporeal personal property. But it is readily seen that the language of the statutes of those states defining the character of trading stamp companies that were liable for the licenses was fundamentally different from that of our statute involved in this case.

The right of the state to regulate or prohibit the dealing in and using of trade stamps has been the source of much discussion by the courts in recent years, and it has resulted in a contrariety of opinions, as will be seen from the annotation to the case of State of Utah v. Holtgreve, 26 A. L. R. 696, the annotations beginning on page 707. The case is reported in 58 Utah, 563, 200 P. 894, and in the A. L. R. report it is immediately preceded (on page 686) by the domestic one of Lawton v. Stewart Dry Goods Co., and which is also reported in 187 Ky. 394, 247 S. W. 14, 26 A. L. R. 686. In that case we held that it was incompetent for the Legislature to absolutely prohibit the business of dealing in trading stamps, but we did not hold therein that the business could not be licensed within legal limitations. On the contrary, we held in the case of Sperry & Hutchinson Co. v. City of Owensboro, 151 Ky. 389, 151 S. W. 932, Ann. Cas. 1915A, 373, that the business could be licensed and regulated under the police power of the state. There is no contention by defendant in this case against the right of the state to levy the license sought to be collected herein, and that question is not involved on this appeal.

A further contention is made that the court erred in adjudging a 20 per cent. penalty estimated on the total

amount of the aggregate license fees and interest thereon from the time of their respective due dates, and which, in effect, gave a penalty of twenty per cent. on the *interest* included in the judgment, and which we think was improper. The defaulting taxpayer in a proceeding like this is not only liable for the amount of his taxes as fixed by the statute, but also for the interest thereon from the time they become due, plus a 20 per cent. penalty on "the amount due." It is extremely doubtful if it could be correctly said that the interest forms any part of the taxes so as to be included in the phrase, "amount (taxes) due." In the case of Bank of Kentucky v. Commonwealth, 107 S. W. 812, 32 Ky. Law Rep. 1087, a similar question was presented to this court, and in the course of the opinion we said:

"The penalty of 20 per cent. is given by the statute on the amount of the taxes due. A 20 per cent. penalty on the taxes and interest is not allowed. . . . The fact that the state pays its agent by giving him the penalty adds nothing to the penalty. The liability of the taxpayer is not affected by the way the state pays its officer."

The penalty authorized to be collected in this character of proceeding is highly penal in its nature and there should be clear and convincing authority for its allowance. The statute authorizing the proceeding is susceptible to the construction that it should be calculated only on the amount of taxes due, and not calculated on that sum as augmented by the interest thereon, and which seems to be the holding in the Bank of Kentucky case, supra, and which is in accord with the general rule for the interpretation of penal provisions in statutes. However, the error is of the nature of a clerical misprision and relates to only a small part of the judgment, being only one-fifth of the aggregate amount of interest included therein, and the court will correct it so as to conform to this opinion upon a return of the case; and which method of relief we have concluded to direct rather than reverse the entire judgment because of the very small amount involved.

Perceiving no error authorizing a reversal of the judgment, it is affirmed.