**REVENUE CABINET, Commonwealth of Kentucky, Appellant,**

v.

**ESTATE OF Iva W. FIELD, William E. Sloan, Executor, Appellees.**

No. 92–CA–002570–MR.

Court of Appeals of Kentucky.

Nov. 19, 1993.

Douglas M. Dowell, Frankfort, for appellant.

George F. Allgeier, Jr., Lexington, for appellee.

Before LESTER, C.J., HUDDLESTON and McDONALD, JJ.

## OPINION

HUDDLESTON, Judge.

KRS 140.310(1) allows "qualified persons," as defined by KRS 140.300(5), to assess farm land at its agricultural or horticultural value, rather than at its fair cash value, for inheritance tax purposes. The Kentucky Revenue Cabinet appeals from a Franklin Circuit Court judgment holding that the portion of KRS 140.310(1) which limits entitlement to an agricultural assessment to "qualified persons" is invalid because it conflicts with Section 172A of the Constitution of the Commonwealth of Kentucky. Because we are satisfied that the statute in question is not in conflict with Constitution § 172A, we reverse.

Iva W. Field died testate, devising her two-hundred-acre farm in Fayette and Woodford Counties, Kentucky, to her niece by marriage, Jewell Sloan. At Ms. Field's death, the farm's fair cash value was $547,500.00 and its agricultural value was $263,700.00. Asserting that Constitution § 172A requires the assessment of farm land at its agricultural or horticultural value, the estate paid an inheritance tax, after discounts, of $32,673.64.

The Kentucky Revenue Cabinet determined, however, that Ms. Sloan is not a "qualified person" as defined by KRS 140.300(5). Therefore, it contended, she is not entitled to the benefits of KRS 140.310(1), which permits the assessment of certain farms at their agricultural value for inheritance tax purposes. Assessing the farm at its fair cash value, the Revenue Cabinet

sought additional inheritance taxes in the amount of $47,371.00, for a total tax of $80,045.62, and interest.

The sections of the Kentucky Constitution relevant to this appeal are 172 and 172A. In pertinent part, Section 172 provides that:

All property, not exempted from taxation by this Constitution, shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale....

Section 172A, which was adopted in 1969, provides that, despite the contrary provisions of Sections 171, 172 or 174:

The General Assembly shall provide by general law for the assessment for ad valorem tax purposes of agricultural or horticultural land according to the land's value for agricultural or horticultural use. * * *

KRS 140.010 subjects devisees of real property to an inheritance tax based on the "fair cash value" of such property as of the testator's date of death. KRS 140.300(5) and KRS 140.310(1) are the statutes at issue here. KRS 140.300 defines the terms used in KRS 140.310 to 140.360. According to subsection (5), a "qualified person" is:

... the spouse of a deceased owner of agricultural or horticultural land; the children, adopted children, and stepchildren of that deceased owner; the spouses and issue of that deceased owner's children, adopted children, and stepchildren, and is a person who proposes to devote the real property to agricultural or horticultural purposes for at least five (5) years after the death of the decedent in whose estate the agricultural or horticultural land is subject to assessment.

KRS 140.310 relates to the assessment of agricultural or horticultural land for inheritance tax purposes. KRS 140.310(1), which is at issue here, provides that:

Agricultural or horticultural land may be assessed at its agricultural or horticultural value in a decedent's estate for Kentucky inheritance tax purposes if the agricultural or horticultural land is qualified real estate and is passing to a qualified person or persons.

In holding that the "qualified person" restriction on the use of an agricultural or horticultural valuation for inheritance tax purposes authorized by KRS 140.300(5) and KRS 140.310(1) is invalid under Section 172A of the Kentucky Constitution, Franklin Circuit Court said that:

> Kentucky Constitution Section 172A limits the legislature's authority to legislate in the area of inheritance taxes. 172A states that agricultural land should be assessed at its agricultural value for ad valorem tax purposes. That portion of KRS 140.310, which limits entitlement to an agricultural assessment to lineal descendents, [i.e., "qualified persons"] directly conflicts with Section 172A. Pursuant to Section 172A, the Estate of Ida (sic) W. Field is constitutionally entitled to an agricultural assessment of the farm ... for inheritance tax purposes.

On appeal, the Revenue Cabinet argues that the trial court erred when it applied Section 172A to inheritance taxes. The Cabinet maintains that KRS 140.310(1) is not unconstitutional and it insists that the farm inherited by the decedent's niece by marriage must be assessed at its fair cash rather than its agricultural value. We agree.

■ We again note that Section 172A of Kentucky's Constitution provides that "[n]otwithstanding contrary provisions of Sections 171, 172, or 174 of this Constitution—[t]he General Assembly shall provide by general law for the assessment for *ad valorem* tax purposes of agricultural and horticultural land according to the land's value for agricultural or horticultural use." (Emphasis supplied.) The term "ad valorem" literally means "according to the worth," and is used in taxation to designate an assessment of taxes against property at a certain rate upon its value. *Thomas v. City of Elizabethtown*, Ky., 403 S.W.2d 269, 272 (1965).

In *Gillis v. Yount*, Ky., 748 S.W.2d 357, 358 (1988), the Supreme Court said that Sections 170 to 175 of the Constitution deal only with the power to tax property, or, in other words, with ad valorem taxes:

> The framers of the 1891 Kentucky Constitution, to protect the people, enacted significant constitutional limitations upon the powers of the General Assembly to impose state property taxes and create exemptions. 2 Debates Constitutional Convention 1890, 2372–2423 (1890). The primary source of tax revenue at the time was property taxes ... so these constitutional limitations, covered principally in Kentucky Constitutions Sections 170–175, deal *only* with the power to tax property, or ad valorem taxes.

(Emphasis in original.)

The first inheritance tax statute was passed in 1906. *Kentucky Tax Commission v. Lincoln Bank & Trust Co.*, Ky., 245 S.W.2d 950, 952 (1952). From the beginning it has been held that the inheritance tax is not a tax on property itself, but is "an excise or duty upon the right or privilege of taking property by will or by descent under the law of the state." *Booth's Ex'r. v. Commonwealth*, 130 Ky. 88, 113 S.W. 61, 64 (1908). See also *DuBois' Adm'r. v. Shannon*, 275 Ky. 516, 122 S.W.2d 103, 107 (1938); *Martin v. Storrs*, 277 Ky. 199, 126 S.W.2d 445, 447 (1939); *Louisville Trust Co. v. Walter*, 306 Ky. 756, 207 S.W.2d 328, 330 (1948); and *Lynch v. Kentucky Tax Commission*, Ky., 333 S.W.2d 257, 261 (1960).

At several points in *Gillis v. Yount, supra,* the Supreme Court emphasizes that Sections 170 to 175 of the Constitution apply only to property taxes.[1] The Court concludes by saying:

---

1. "The primary source of tax revenue at the time [of the adoption of the 1891 Kentucky Constitution] was property taxes, and this is where the problems with unfairness were perceived, so these constitutional limitations covered principally in Kentucky Constitution Sections 170–175, deal *only* with the power to tax property, or ad valorem taxes." (Emphasis in original.) 748 S.W.2d at 358.

   After quoting from Sections 170, 171, 172 and 174 of the Constitution, the Court said: "It is almost impossible to see how the constitutional mandate on state property taxes could have been expressed in clearer or more positive terms." 748 S.W.2d at 359.

   "Cases advocated by the movants in urging us to a different course ... are inapposite because the taxes involved are *not* state property taxes, and thus not subject to the constitutional restrictions on state property taxes." (Emphasis in original.) 748 S.W.2d at 362.

But these are *excise* taxes not subject to the constitutional restrictions on state property taxes in Section 171. Making tax distinctions for purposes of promoting some perceived state economic advantage rather than for purposes related to raising revenue is permissible in taxes other than property taxes because other kinds of taxes do not involve the same constitutional restrictions. *Excise taxes may be varied from one type of taxpayer to another to promote competitive conditions or some perceived state economic advantage; classification may be structured to serve some purpose other than taxation.* But the tax scheme for state property taxes expressed in the 1891 Constitution and unchanged by the 1915 Amendment, was exactly the opposite, i.e., taxation is permitted for the limited purpose of raising revenue and shall not be subject to manipulation to promote any taxpayer's (or group of taxpayers') economic advantage regardless of whether the General Assembly should perceive that some other public benefit may be derived by doing so.

*Id.* at 364. (Emphasis in first sentence in original; subsequent emphasis added.)

 Ad valorem taxes are clearly distinguishable from inheritance taxes: the former are direct taxes on property based upon the value of the property, while the latter are taxes imposed not on property, but upon the privilege or right of succession thereto. Because this is a case involving an inheritance, or excise tax, Section 172A, which limits the

applicability of Sections 171, 172 and 174 and which deals exclusively with ad valorem taxes, simply does not apply.

■ KRS 140.300(5) and KRS 140.310(1) allow, under certain circumstances, the payment of an inheritance tax based upon land's assessed value for agricultural or horticultural purposes. One must, however, be a "qualified person," as defined by KRS 140.300(5) to be entitled to the agricultural value assessment. Although the parties stipulated that the farm inherited by Ms. Sloan is "qualified real estate," as defined in KRS 140.300(4) [2], and that she plans to continue the agricultural use of the land for the next five years, they also stipulated that because Ms. Sloan was Field's niece by marriage, she was not a "qualified person" within the meaning of KRS 140.300(5) and 140.310(1). Since she fails to satisfy an essential requirement of KRS 140.310(1), the Revenue Cabinet correctly assessed the farm for inheritance tax purposes at its fair cash value instead of at its agricultural or horticultural value.

The judgment is reversed.

All concur.

---

"... the severance tax (as an excise tax) would be unrelated to constitutional restrictions on state property taxes." 748 S.W.2d at 364.

2. KRS 140.300(4) defines "qualified real estate" as real property which:

"(a) Is either horticultural or agricultural land;

"(b) Has been used for agricultural or horticultural purposes for five (5) years prior to the death of the owner of the real estate or a joint owner thereof; and

"(c) Fair cash value exceeds fifty percent (50%) of the gross taxable estate of decedent for Kentucky inheritance tax purposes."