**STATE AUTOMOBILE INSURANCE COMPANY and American States Insurance Company, Appellants,**

v.

**James REYNOLDS, Appellee.**

**No.1998–CA–001245–MR.**

Court of Appeals of Kentucky.

Feb. 4, 2000.

Discretionary Review Denied by Supreme Court Nov. 15, 2000.

Melanie Straw–Boone, Louisville, KY, John Crutchfield, Louisville, KY, for Appellants.

Mark D. Fischer, Louisville, KY, for Appellee.

Before: COMBS, EMBERTON, and GUIDUGLI, Judges.

*OPINION*

COMBS, Judge:

The appellants, State Automobile Insurance Company and American States Insurance Company, appeal from the judgment of the Shelby Circuit Court dismissing their claims against the appellee, James Reynolds. Having reviewed the record on appeal, we vacate and remand the judgment of the circuit court.

On February 2, 1991, Sarah Reynolds, the seventeen-year-old daughter of James Reynolds, was involved in a car accident. Sarah was driving a vehicle containing four passengers when she turned into the path of an oncoming car. Two of her passengers, Carl Lee Perry and Dwayne Todd, were killed in the accident. The estates of both Perry and Todd filed negligence actions against both James and Sarah. Perry's estate also filed underinsurance claims against State Auto and American States. The Reynoldses settled both claims for the policy limits of Sarah's insurance. State Auto and American States substituted payment to the Perry estate and filed a third-party action against James and Sarah.

Prior to the bench trial, the parties stipulated that Sarah was negligent and that the damages paid by State Auto and American States to the Perry estate were reasonable. The remaining issue before the circuit court was whether James could be held liable for Sarah's negligence. James maintained that Sarah was an emancipated minor and that this status precluded any recovery against him for Sarah's negligence.

In October 1990, four months prior to the accident, Sarah had moved out of her parents' home following a disagreement over her church attendance. James had told Sarah that as long as she lived in his house, she would have to abide by his rules; and that if she did not want to follow the rules, she could move out of the house. She chose to leave her parents' house. She moved in with her older brother for a couple of days; she then moved in with her older sister, where she was living at the time of the accident. James and Sarah both testified that it was understood that if she moved out, her parents would no longer support her and that she would be responsible for her own livelihood. Sarah supported herself with income from a part-time job at Pizza Express, a business owned by her mother.

On the night of the accident, Sarah was driving a 1989 Nissan Pulsar, which had been purchased shortly before the accident. The car was registered in James's name, and he co-signed Sarah's loan on the car. Sarah, however, paid the insurance and loan payments. After conducting a bench trial, the court rendered judgment on March 20, 1998, dismissing the claims against James. The court found that Sarah was emancipated from her parents and accordingly determined that her status of emancipation terminated "her relationship to them *as a minor* for all purposes including KRS 186.590(3)...." (Emphasis original.) The court held that James could not be held liable for Sarah's negligence pursuant to KRS 186.590(3) or any other doctrine. Subsequently, on April 17, 1998, the

court entered an order granting judgment against Sarah to State Auto and American States. State Auto and American States filed this appeal from the earlier order of March 20, 1998, that had dismissed the claims against James.

State Auto and American States argue on appeal that the court erred in dismissing their claims against James. They contend that pursuant to KRS 186.590(3), James is liable for Sarah's negligence. KRS 186.590(3) provides:

Every motor vehicle owner who causes or knowingly permits a minor under the age of eighteen (18) to drive the vehicle upon a highway, and any person who gives or furnishes a motor vehicle to the minor shall be jointly and severally liable with the minor for damage caused by the negligence of the minor in driving the vehicle.

"By making the person liable who enables a minor to operate a motor vehicle, an additional source for the recovery of damages is provided." *Peters v. Frey,* Ky., 429 S.W.2d 847, 849 (1968). Under the plain language of KRS 186.590(3), James is liable for Sarah's negligence if three elements are met: (1) he is the owner of the motor vehicle involved in the accident; (2) he caused or knowingly permitted Sarah to drive the vehicle; and (3) Sarah is a minor under the age of eighteen.

KRS 186.010(7)(a) defines "owner" as used in KRS 186.010 through KRS 186.640 as "a *person who holds the legal title of a vehicle* or a person who pursuant to a bona fide sale has received physical possession of the vehicle subject to any applicable security interest." (Emphasis added). It is undisputed in the record that the 1989 Nissan Pulsar was registered under James's name and that he held legal title to the car. The evidence reveals that James knowingly permitted Sarah to drive the car; James testified that Sarah was using the car with his permission, knowledge, and consent. He further testified at the bench trial that he knew that Sarah was driving and using the car. Although

Sarah did not consult or seek James's permission each time that she drove the car, James allowed Sarah to keep the car and to use the car as she pleased without any restrictions or interference on his part. Thus, the first two elements of KRS 186.590(3) have been met.

■ The third element, her status as a minor, remains to be examined. At the time of the accident, Sarah was seventeen years of age. However, James contends that since Sarah was emancipated *at the time of the accident,* she did not qualify as "a minor under the age of eighteen." KRS 186.590(3). His position is premised on an assumption that the status of emancipation suffices to negate the significance of her chronological age (17), rendering her no longer a minor as a matter of law.

■ The trial court found that Sarah was emancipated from her parents.

"The doctrine of 'emancipation', . . . is a recognition of the right of the parent to relinquish control and authority over his child to whose custody and service he is entitled; or to surrender, if he so elects and desires, to his minor son, who is capable of making his own living, the right to do so, and the privilege of receiving the wages that he earns . . . . In other words, when a child has been emancipated, he occupies the *same legal relation towards the parent* as if he has arrived at full age."

*Carricato v. Carricato,* Ky., 384 S.W.2d 85, 88 (1964) (quoting *Rounds Bros, v. McDaniel,* Ky., 133 Ky. 669, 118 S.W. 956 (1909). However, while a child may be emancipated for some purposes, minority status may still attach otherwise:

Although [emancipation] may remove the infant from parental control or destroy the common-law right of the parent to the services of the child, it has never been held in this or any other jurisdiction that such emancipation will render an infant sui juris.

*Bensinger's Coex'rs v. West,* Ky., 255 S.W.2d 27, 28 (1953).

"[I]t does not remove all of the disabilities of infancy. It does not, for example, enlarge or affect the minor's capacity or incapacity to contract."

*Id.* at 29 (quoting C.J.S., Infants, Sec. 28, p. 91).

We hold that Sarah is a "minor under the age of eighteen" and that the express statutory language prevails over any ambiguity arising as a result of the impact of emancipation. The effects of emancipation in this case are limited to the relationship between the parents and the child. While the rights and responsibilities of the parents regarding the child may have altered, emancipation does not change the child's potential legal status as a minor under KRS 186.590(3). That statute unambiguously imposes liability upon the owner of a motor vehicle who knowingly permits a minor under the age of eighteen to drive his or her car. Parenthetically, we note that Sarah was charged and convicted of crimes relating to the accident in *juvenile* court. In summary, we hold that KRS 186.590(3) applies to all minors—emancipated and unemancipated—under the age of eighteen.

We find that the court erred in holding that James could not be held liable under KRS 186.590(3) due to Sarah's emancipation. James's liability arises under KRS 186.590(3), which imposes legal minority upon her with respect to the operation of a motor vehicle regardless of her emancipation from the child-parent relationship otherwise.

We vacate and remand the judgment of the circuit court for additional proceedings consistent with this opinion.

EMBERTON, Judge, concurs.

GUIDUGLI, Judge, concurs in result.