RENDERED:  OCTOBER 13, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1122-MR

KENTUCKY GROUP SELF-
INSURANCE GUARANTY FUND                                    APPELLANT


                    APPEAL FROM FRANKLIN CIRCUIT COURT
v.                  HONORABLE THOMAS D. WINGATE, JUDGE
                    ACTION NO. 04-CI-01067


SHARON P. CLARK,
COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
INSURANCE, IN HER CAPACITY AS
REHABILITATOR/LIQUIDATOR OF
AIK COMP                                                   APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR,
JUDGES.

TAYLOR, JUDGE:  The Kentucky Group Self-Insurance Guaranty Fund

(Guaranty Fund) brings this appeal from a July 5, 2022, Order of Liquidation

entered by the Franklin Circuit Court as concerns a workers' compensation self-insured group fund known as AIK Comp.[1] We affirm.

The procedural history of this case is lengthy and convoluted, so we will only recite those facts necessary to resolution of this appeal. In August 2004, the Executive Director of the Kentucky Office of Insurance filed a petition for rehabilitation of AIK Comp and requested the Court to appoint him rehabilitator.[2] AIK Comp was a workers' compensation self-insurance group, which was composed of member employers.[3] Each group member paid assessments to AIK Comp to cover workers' compensation liabilities and was jointly and severally liable for AIK Comp's workers' compensation liabilities. AIK Comp was placed into rehabilitation in August of 2004 due to the group's financial distress and inability to meet its workers' compensation liabilities. The Guaranty Fund was named a party in the rehabilitation action and is a statutorily created entity that provides coverage for unpaid workers' compensation liabilities of an insolvent self-insurance group, like AIK Comp.

---

[1] AIK Comp is an unincorporated association and a self-insured group insurance fund which consisted of various employers who agreed to jointly and severally pool their workers' compensation liabilities. *See* Kentucky Revised Statutes (KRS) 342.350(4).

[2] During the course of the rehabilitation action, there were different rehabilitators appointed by the circuit court, with Sharon P. Clark, Commissioner of the Kentucky Department of Insurance, being the last.

[3] There were approximately 3,800 members of AIK Comp prior to the filing of the rehabilitation action.

During the rehabilitation action, the rehabilitator proposed a reorganization and assessment plan (2005 Reorganization and Assessment Plan), which was approved by the circuit court in its December 8, 2005, Findings of Fact and Conclusions of Law and Order. Therein, AIK Comp's members were ordered to pay assessments, on a pro rata basis, to address the financial deficit of AIK Comp. Specifically, each member would make a cash payment representing 80 percent of its pro rata share of the deficit and execute callable promissory notes for the remaining 20 percent. Also, upon the cash payment and execution of the callable promissory note, the member would be released from its joint and several liability to AIK Comp. However, the member would still be liable for any future assessments to cover claims.

Thereafter, the rehabilitator proposed a 2009 Amendment to the 2005 Reorganization and Assessment Plan due to the need for additional funds to meet the workers' compensation liabilities of AIK Comp. By Findings of Fact, Conclusions of Law, and Order entered February 23, 2010, the circuit court approved the 2009 Amendment. Thereunder, members could voluntarily pay the callable promissory notes in exchange for a full and final release of liability to AIK

Comp, which included not being liable for any future assessments. This order was not challenged by the Guaranty Fund.[4]

Then, in 2014, the rehabilitator again needed additional funds to pay the workers' compensations liabilities of AIK Comp and sought to require the members to pay their callable promissory notes. By Findings of Fact, Conclusions of Law, and Order entered July 29, 2014, the circuit court determined that the rehabilitator demonstrated a need for additional funds and mandated that members, who had not previously paid the callable promissory notes, were obligated to do so. There was no appeal of this order by the Guaranty Fund.

The financial distress of AIK Comp finally culminated with the rehabilitator filing a petition for an order directing liquidation of AIK Comp on June 28, 2022. In the petition, the rehabilitator maintained that AIK Comp had a considerable financial deficit and "that further attempts to rehabilitate AIK Comp would substantially increase the risk of loss to creditors and policyholders and would be futile." Petition to liquidate at 4. The rehabilitator sought to assign AIK Comp's workers' compensation liabilities, occurring after March 1, 1997, to the Guaranty Fund per Kentucky Revised Statutes (KRS) 342.906. At a hearing on the

---

[4] Several members of AIK Comp filed a Petition for Writ of Prohibition in the Court of Appeals regarding this Order. The Petition was subsequently dismissed by joint motion of the parties.

petition, the Guaranty Fund objected to the assignment of AIK Comp's workers' compensation liabilities.

By Order of Liquidation entered July 5, 2022, the circuit court upon finding AIK Comp to be insolvent placed AIK Comp into liquidation and appointed the rehabilitator to serve as liquidator. The court also assigned unpaid AIK Comp's workers' compensation liabilities for injuries occurring after March 1, 1997, to the Guaranty Fund.[5]

The Guaranty Fund filed a motion to vacate the liquidation order, but the circuit court denied the motion by order entered August 25, 2022. This appeal follows.

The Guaranty Fund contends that the circuit court erroneously assigned AIK Comp's workers' compensation unpaid claims liabilities to the Guaranty Fund. Citing to KRS 304.50-090(1), (8), and (9), the Guaranty Fund maintains that members of AIK Comp are jointly and severally liable for workers' compensation claims incurred during their membership and may only be relieved thereof through payment of such liability. The Guaranty Fund further argues that the 2005 Reorganization and Assessment Plan and the 2009 Amendment improperly released certain members from joint and several liability and from

---

[5] Pursuant to KRS 342.906 and KRS 342.912, the Guaranty Fund was only responsible for workers' compensation claims that occurred after March 1, 1997. And, upon the filing of the rehabilitation petition in August of 2004, no new claims were permitted against AIK Comp.

liability for future assessments. The Guaranty Fund maintains that the "released members would have been perfectly capable of paying additional assessments needed to cover AIK Comp's present deficit and, had they not been released, there would be no deficit today." Guaranty Fund's Brief at 14. As members can be assessed for AIK Comp's workers' compensation liability, the Guaranty Fund maintains that AIK Comp and/or its members have not defaulted upon their workers' compensation claims and that without a true default, the Guaranty Fund is not liable for AIK Comp's workers' compensation liabilities. Moreover, the Guaranty Fund believes that assignment of AIK Comp's workers' compensation liability is inconsistent with legislative intent surrounding the Guaranty Fund's creation.

The Guaranty Fund was created by legislative fiat for the express purpose of ensuring "the continuation of workers' compensation benefits otherwise delayed or terminated due to the failure of a self-insured employer to meet obligations because of insolvency." KRS 342.900(2). Each qualified self-insurance group or association, like AIK Comp, is a member of the Guaranty Fund. KRS 342.906(2). The Kentucky Supreme Court has declared that the "statutory provisions reflect a legislative intent that the Guaranty Fund step in and meet, without qualification, the 'obligations' of its insolvent member[.]" *McCoy Elkhorn Coal Corp. v. Sargent*, 553 S.W.3d 802, 806 (Ky. 2018).

KRS 342.912(3) specifically mandates that the Guaranty Fund "shall be liable for payment of benefits only for members where there has been a declaration of bankruptcy or insolvency by a court of competent jurisdiction[.]" The plain and unambiguous language of KRS 342.912(3) reflects that the Guaranty Fund is liable upon a self-insurance group or association filing bankruptcy or being adjudicated to be insolvent. And, as to legislative intent, "[t]he plain meaning of the statutory language is presumed to be what the legislature intended[.]" *Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017) (quoting *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005)).

In this case, it is uncontroverted that AIK Comp was a member of the Guaranty Fund. Additionally, AIK Comp was found to be insolvent and was placed into liquidation. As a result, the liability of the Guaranty Fund was triggered by the circuit court's declaration that AIK Comp was insolvent. KRS 342.912(3); *McCoy Elkhorn Coal Corp.*, 553 S.W.3d at 806. The Guaranty Fund's argument to the contrary is without merit.

We also reject the Guaranty Fund's argument that AIK Comp must default in the payment of workers' compensation benefit claims before it is liable under the statutes. Again, the plain statutory language set out in KRS 342.912(3) triggers the liability of the Guaranty Fund if the member group is found to be insolvent. In this case, the circuit court has declared AIK Comp to be insolvent.

The Guaranty Fund additionally argues that KRS 304.50-090 mandates that members of a workers' compensation self-insured group are jointly and severally liable for payment of workers' compensation liabilities incurred during their membership. During a self-insured group's normal operations, the members of that group are jointly and severally liable for workers' compensation liabilities. However, during rehabilitation proceedings, it is well-established that the circuit court and rehabilitator exercise broad discretion to create a plan of rehabilitation. *Minor v. Stephens*, 898 S.W.2d 71, 80 (Ky. 1995); *Ky. Cent. Life Ins. Co. v. Stephens*, 897 S.W.2d 587 (Ky. 1995). In fact, the rehabilitator is granted authority to "take action as he or she deems necessary or appropriate to reform and revitalize the insurer." KRS 304.33-160(2). More particularly, the rehabilitator may create a plan of reorganization of the insurer, and upon the circuit court's approval, the reorganization plan is implemented with a goal of revitalizing the insurer. KRS 304.33-160(2) and (5); *see also Minor*, 898 S.W.2d at 80; *Ky. Cent. Life Ins. Co.*, 897 S.W.2d at 587.

In this case, the rehabilitator proposed and the circuit court approved the 2005 Reorganization and Assessment Plan and the 2009 Amendment that extinguished certain member's joint and several liability and liability for future assessments. To obtain such a release from liability, the members were required to make cash payments and execute callable promissory notes. The circuit court

determined by separate orders that the 2005 Reorganization and Assessment Plan and the 2009 Amendment were reasonable and necessary to generate sufficient funds to pay the workers' compensation liabilities and administrative expenses of AIK Comp. Neither of these orders were challenged by the Guaranty Fund.

Rehabilitation and liquidation proceedings are special statutory proceedings, which are conducted under the supervision of the circuit court subject to the court's exercise of sound judicial discretion. *Ky. Cent. Life Ins. Co. v. Stephens*, 897 S.W.2d at 588. Based upon our review of the record, we are unable to conclude that the circuit court abused such discretion by approving the 2005 Reorganization and Assessment Plan or the 2009 Amendment, which released certain members from continuing liability. Had these actions not been taken, AIK Comp would likely have been declared insolvent at that time. In the final analysis, AIK Comp was found to be insolvent by the circuit court in 2022, thus mandating "the Guaranty Fund [to] step in and meet, without qualification, the 'obligations' of its insolvent member [AIK Comp]."[6] *McCoy Elkhorn Coal Corp.*, 553 S.W.3d at 806. We find no error in the circuit court's ruling.

For the foregoing reasons, the Order of Liquation entered by the Franklin Circuit Court is affirmed.

---

[6] The Guaranty Fund's concerns centering upon its financial ability to meet AIK Comp's workers' compensation obligations are legislative matters solely within the purview of the Kentucky General Assembly.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John E. Hanley
Hayden A. Holbrook
Louisville, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

Hayden A. Holbrook
Louisville, Kentucky

BRIEF FOR APPELLEE:

Paul C. Harnice
Sarah J. Bishop
Andrew T. Hagerman
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Sarah J. Bishop
Frankfort, Kentucky